THE KEOKUK NORTHERN LINE PACKET COMPANY

*v.*

THE CITY OF QUINCY.

1. WHARFAGE—*companies not named in city ordinance fixing rates, not bound to pay.* Where a city ordinance fixes the rates of wharfage to be paid by the boats of certain packet companies named in the ordinance, for each

landing, and also for all tow boats and transient boats, a packet company not named in the ordinance can not be compelled to pay any rates or charges for landing at the wharf of said city.

2. SAME—*successor of companies named in ordinance not liable for rates fixed.* Where a city ordinance fixes rates of wharfage to be paid by certain packet companies for landing at the wharf of said city, but does not, in terms, apply to the successors of such companies, a new company, even if it is the successor of the companies named, will not be liable under the ordinance for the rates fixed.

APPEAL from the Circuit Court of Adams county; the Hon. JOSEPH SIBLEY, Judge, presiding.

Mr. JAMES H. DAVIDSON, and Mr. JOHN H. WILLIAMS, for the appellant.

Mr. O. P. BONNEY, and Messrs. WHEAT & MARCY, for the appellee.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

Elaborate arguments have been made on the validity of an ordinance of the city of Quincy, that establishes a schedule of charges for landing at the public wharf of the city of " all boats and water crafts therein mentioned." But it will not be necessary to discuss that question in the present case. One objection insisted upon goes to the foundation of the action, and is fatal to the present judgment, no matter what construction might be given to the ordinance.

The rates of charges for landing at the city wharf are specifically for the landing of each packet boat belonging to certain packet companies named in the ordinance, and there is also a provision, all persons plying " tow boats," and all persons landing " transient boats or water crafts" shall be required to pay certain charges, according to the tonnage of the vessels.

The defendant company was running a regular line of packet boats, but was not one of the companies named in the ordinance which were required to pay the rates fixed for the privilege of landing at the city wharf, nor does its boats come within the definition of tow boats or transient boats, which are

to be charged rates in proportion to their tonnage. The ordinance does not, by its terms, apply to all packet boats, but only to boats of certain companies named, and to tow boats and transient vessels. An attempt was made on the trial to prove defendant was the successor of the companies named in the ordinance, but the proof is by no means satisfactory to establish that fact. Conceding the fact, however, we are not inclined to hold it would subject defendant to the payment of the wharfage rates established. The defendant company is a new organization, and the rates fixed are not chargeable to it by any express provision of the ordinance. It is not shown that all of the boats belonging to defendant, and for which rates have been exacted, belonged to the original companies named in the ordinance. Nor does the ordinance assume to make the successor of the former companies liable for the rates charged against their boats. There is, therefore, absolutely nothing in the ordinance that makes it obligatory on defendant to pay any rates or charges for landing at the city wharf, and as this view is conclusive of the whole case, we will not now discuss other questions raised upon the record.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*